(No. 36781.— ▮▮▮▮▮▮▮)

.MARY WYETH PERRY, Appellant, *vs.* KATHERINE WYETH, Appellee.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

JOSEPH B. PLATT, WALTER D. CUMMINGS, and ANDROS & GOLDSTICK, all of Chicago, for appellant.

HERSCHBACH & TRACY, of Joliet, (ALEX M. WOJTAK, of counsel,) for appellee.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Mary Wyeth Perry, brought action in the circuit court of Will County in September 1960, seeking to impress a constructive trust upon certain real estate and the proceeds of liquidation of assets of personal property of a riding stable upon said real estate, the title to which was in the name of defendant, Katherine Wyeth, widow of plaintiff's son. Katherine Wyeth obtained title as surviving joint tenant upon the death of her husband, Ned Wyeth. Motion to dismiss was filed by defendant. Thereafter, plaintiff filed an amended complaint upon the same theory. Defendant's motion to dismiss the amended complaint was allowed and the amended complaint was dismissed. A freehold being involved, plaintiff appeals directly to this court.

Plaintiff's amended complaint alleged that plaintiff, a widow now age 75, on March 2, 1946, at the request of her son, Ned Wyeth, advanced him $2,000 to enable him to enter into a contract and make a down payment to purchase a tract of land for a residence and operation thereon of a riding stable, such purchase including land and stable as well as horses and equipment; that on September 14, 1946, plaintiff advanced the son the further sum of $2,500 to enable him to complete the purchase, the total purchase price being $5,000 and he being unable to pay it; that the son obtained additional sums from his mother for operating expenses from time to time amounting to approximately $900, and obtained $1,700 from her on December 1, 1950, to pay a subsequent first mortgage that he had placed on the property as security for a loan. The allegations were that at the time of the plaintiff making the first advance of funds, the son promised to repay her from the proceeds of his house in Harvey, Illinois, and that he gave her a promissory note on March 2, 1946, for the $2,000; and that on each payment of money by plaintiff to or for her son he assured her she would be repaid shortly. The amended complaint further alleged that plaintiff reposed the greatest trust and confidence in her son and as a consequence he was in a position of complete superiority and influence over plaintiff whereby he was able to obtain her life savings to the unjust enrichment of himself and defendant and in breach of the fiduciary relation between plaintiff and said son. It alleged that the sums advanced by plaintiff constituted her entire life savings and that until his sudden death in June, 1960, the son continually assured her she would be repaid shortly. After the son's death, it is alleged plaintiff requested the defendant for repayment but that defendant refused. Thereafter, plaintiff discovered that shortly after the purchase of the property, the son placed the title in joint tenancy with his wife, the defendant. It is further alleged that defendant had full knowledge of the

sums advanced and is presently liquidating and selling all equipment purchased by the son for operation of the riding stable and that plaintiff has no adequate remedy at law.

Defendant's motion to dismiss was on the grounds that the amended complaint failed to state a cause of action for a constructive trust; that any such cause of action was barred by the Statute of Limitations and the Statute of Frauds; and that plaintiff has not exhausted her remedies at law. The court below sustained the motion and dismissed the amended complaint.

A constructive trust is one raised by operation of law as distinguished from a trust created by express agreement between the settlor and the trustee. It is imposed by a court of equity to prevent a person from holding for his own benefit an advantage which he has gained by reason of a fiduciary relationship or by fraud. Such a trust arises only when fraud is proved or when advantage is taken of a fiduciary relationship by the dominant party. (*Anderson* v. *Lybeck,* 15 Ill.2d 227; *Compton* v. *Compton,* 414 Ill. 149.) The allegations of the amended complaint contain no facts charging fraud, actual or constructive, against the defendant or even her husband, plaintiff's son. Defendant is alleged only to have had knowledge that her husband borrowed money from his mother. Nor are there any facts alleged in the amended complaint creating a fiduciary relationship between plaintiff and defendant or between plaintiff and her son. It has been well established by this court that the mere fact of blood relationship, such as parent and child, does not establish a confidential or fiduciary relationship. (*Moore* v. *Moore,* 9 Ill.2d 556.) The proof of such fiducary relationship must be so clear and convincing and so strong, unequivocal and unmistaking as to lead to but one conclusion. (*Compton* v. *Compton,* 414 Ill. 149.) Further, the allegations of a complaint to establish a constructive trust must be specific. (*Dial* v. *Dial,* 17 Ill.2d 537.) The amended complaint in the instant case fails to state

any of these essential allegations for the declaration of a constructive trust.

The allegations here made, stripped of matters pleaded merely by way of conclusions, amount to alleging loans by plaintiff to her son, which he did not repay. The mere breach of an agreement or the failure to pay a debt does not give rise to a constructive trust. (*City of Rochelle* v. *Stocking,* 336 Ill. App. 6.) There were no allegations that plaintiff intended or was intended to have any beneficial interest in the property involved, but simply that she made loans to her son. Such allegations are insufficient to impress a trust.

Since the allegations of the complaint were insufficient in law for equity to impress a constructive trust, it is unnecessary to pass on the other grounds of the motion to dismiss.

The trial court was correct in dismissing the cause.

*Decree affirmed.*