190 So.2d 825 (1966)
Sally Leybourne ALLEN, Appellant,
v.
Charlotte LEYBOURNE, Appellee.
No. 65-1008.
District Court of Appeal of Florida. Third District.
October 11, 1966.
Rehearing Denied November 3, 1966.
*826 Robert M. Brake, Coral Gables, for appellant.
Frates, Fay, Floyd & Pearson, Redfearn & Simon, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal by the plaintiff, Sally Leybourne Allen, from a summary final judgment in favor of the defendant, Charlotte Leybourne. Plaintiff also brings up for review an order dismissing one count of her complaint without leave to amend.
Plaintiff filed a complaint charging the defendant with tortious interference with a contract and tortious interference with an expected bequest. Plaintiff is one of three daughters of James G. Leybourne and Evelyn Leybourne who was his wife until her death on September 25, 1956. Plaintiff alleges that after the death of her mother, the three daughters agreed with their father that they would not contest his administration of their mother's estate so as to allow him to take advantage of certain exemptions in the federal estate tax laws. In return the father agreed that he would make advancements to his children by way of gifts during his lifetime and that he would distribute the remainder of his estate and their mother's estate to the children by the terms of his will. He is also alleged to have agreed that should there be any discrepancy in advancements to any of the children, then he would equalize such discrepancy in his will.
On December 18, 1956, the father made a gift of a house and lot to his daughter, Martha Joe Furlong and her husband, Leo A. Furlong, Jr. As part of this transaction, the father entered into a written agreement with his daughter and son-in-law, a portion of which stated:
"Inasmuch as the party of the first part whose wife is deceased, has three daughters, his only heirs, who share equally in his love and affection, and have been named in his will to share with their issue per stirpes in his worldly goods at the time of his death, and inasmuch as his voluntary action in giving to Martha Joe Furlong a new home completely furnished and to his daughter, Sylvia O. Carnes a home completely furnished, but of lesser value, and in this action is giving nothing to his minor and unmarried daughter, (plaintiff herein) who he holds in equal love and esteem, that in order that there shall be an equitable division of his estate that the party of the first part shall direct in his will that any inequity in dollar value of the inheritance by his three daughters will be adjusted by the present dollar value being given or not given to his heirs."
In 1957, plaintiff's father married the defendant. Plaintiff alleges that the defendant then entered into a course of conduct calculated to alienate her father from her and with knowledge of the existing agreement wrongfully induced her father not to carry out the agreement. On October 1, 1958, the father died leaving a will dated January 29, 1958, which gave all of his property to the defendant. The will was probated in the County Judges' Court in and for Dade County.
Plaintiff brought suit against the estate for breach of contract which was defended by the estate on the ground that there was no consideration for the contract. A jury *827 verdict was entered in favor of the estate and no appeal was taken.
When the case at bar was first filed, the defendant filed a motion to dismiss which was granted without leave to amend as to that portion of the complaint seeking damages for tortious interference with an expectancy. By agreement of counsel, the remaining cause based upon tortious interference with a contract was allowed to remain dormant until the breach of contract case was tried. Following the verdict for the estate in that case, the defendant was permitted to file an amended answer to set forth the defense of res judicata. Defendant filed a motion for summary judgment and attached copies of the complaint and final judgment in the breach of contract case against the estate.
The trial judge found that the issue presented to the jury in the breach of contract action was whether there was a contract entered into between plaintiff and her father, and, that the jury decided this issue adversely to the plaintiff. It was the trial judge's opinion that the plaintiff must prove this same issue in order to prevail in the instant suit and that she is estopped from relitigating this issue under the authority of Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956). Therefore, defendant's motion for summary judgment was granted.
The plaintiff presents three points on this appeal:
(1) The trial judge erred in finding that the plaintiff must prove an issue which was decided adversely to the plaintiff in a prior action;
(2) It was error to dismiss her complaint as to the count charging the defendant with tortious interference with an expectancy;
(3) An adjudication in favor of her father's estate in a breach of contract action does not bar a subsequent suit by the plaintiff against this defendant for tortious interference with an expectancy.
Concerning point 1, plaintiff argues that the reliance by the trial judge on the authority of Israel v. Wood Dolson Co., supra, is misplaced. In the Israel case, the plaintiff's complaint contained two causes of action: the first, addressed to the Wood Dolson Co., was based upon the alleged breach of a written contract; the second, addressed to one Alexander Gross, alleged that Gross induced Dolson to commit the breach of contract. The issues were severed and the first issue was decided adversely to the plaintiff. Discussing the second cause, Chief Judge Conway, speaking for the Court of Appeals of New York, said at 151 N.Y.S.2d 5, 134 N.E.2d 99:
"So here, the liability of Wood Dolson and Gross turns on an identical issue. For Israel to succeed on his second cause of action against Gross, he would have to prove: (1) The existence of a valid contract between Wood Dolson and himself; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach of that contract by Wood Dolson and (4) damages. See, e.g., Lamb v. S. Cheney & Son, 227 N.Y. 418, 125 N.E. 817; Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 84 A.L.R. 1. An essential element of the case against Gross is the breach of the contract by Wood Dolson. Israel's second cause of action must fail if there is no such breach. Israel has had a full opportunity to prove such breach in his suit against Wood Dolson in a court of competent jurisdiction. That court has found no breach and, under the principle mentioned above [where the party against whom the plea is raised was a party to the prior action and had full opportunity to litigate the issue of its responsibility], plaintiff may not relitigate that issue."
While the Israel case, supra, and the case at bar contain similar issues there is an important distinction. In the Israel case, *828 the action for breach of contract was determined adversely to the plaintiff because no breach was proven. In the instant case, the plaintiff had no right of action in the breach of contract suit because the alleged contract was determined to be unenforceable due to lack of consideration.
It has been established in Florida that the fact that there is not a right of action against the person who is induced or influenced to refuse to perform his agreement is not of itself a bar to an action against the third person maliciously and wantonly procuring the termination of or a refusal to perform the agreement.[1] In Franklin v. Brown, Fla.App. 1964, 159 So.2d 893, 896, the First District in explaining the rule announced by the Supreme Court in Chipley v. Atkinson, note 1, supra, said:
"The Chipley case makes it clear that for one to have a cause of action in tort against a wrongdoer who has willfully or maliciously interfered with the injured party's favorable business relationship with another, it is not necessary that the business relationship be founded upon an enforceable contract, or that the interference result in a breach of a contract which would give rise to a cause of action by the injured party against the one defaulting under the contract."
Dean Prosser, in discussing the tort of interference with contractual relations states that:
"The agreement need not, however, be enforceable by the plaintiff as a contract * * * The law of course does not object to the voluntary performance of agreements merely because it will not enforce them, and it indulges in the assumption that even unenforceable promises will be carried out if no third person interferes. Accordingly, it usually is held that contracts which are voidable by reason of the statute of frauds, formal defects, a lack of consideration, lack of mutuality or even uncertainty of terms, still afford a basis for a tort action when the defendant interferes with their performance."[2] (Emphasis supplied)
The plaintiff has presented evidence which indicates the existence of an agreement between her and her father. We must conclude that the plaintiff has not had the opportunity to litigate the issue of whether an agreement did exist and, if so, whether the defendant maliciously or lawfully procured the father's refusal to perform the agreement, which though not open to legal enforcement still affords a basis for a tort action. A summary judgment motion will be defeated if the evidence demonstrates the existence of a material factual issue. It was, therefore, error for the trial judge to grant the defendant's motion for summary judgment.
Plaintiff's second and third points on appeal challenge the trial court's ruling that the count in the complaint charging interference with an expected gift or a legacy under a will does not state a cause of action. The defendant argues that this portion of the appeal is not timely since no appeal was taken from the court's order dismissing the count of the complaint without leave to amend. The order partially dismissing the complaint was not appealable but is reviewable upon appeal from a final disposition of the suit.[3]
Early cases denied recovery for interference with an expected gift or a legacy under a will because the testator might have changed his mind. Dean Prosser states:
"There is no essential reason for refusing to protect such non-commercial *829 expectancies, at least where there is a strong probability that they would have been realized. * * * The problem appears in reality to be one of satisfactory proof that the loss has been suffered, instead of the existence of a ground of tort liability."[4]
The leading case on this subject is Bohannon v. Wachovia Bank & Trust Co.,[5] wherein the plaintiff was held to have stated a cause of action in tort upon an allegation that the decedent had formed the fixed purpose of giving the plaintiff a share in his estate and that the defendant, either by preventing the execution of the will beneficial to the plaintiff or by causing a like will to be revoked, had defrauded him. The District Court of Colorado[6] found that "There is little, if any, dispute among the authorities that a person who has wrongfully deprived another of his just bequest under a will has perpetrated an actionable tort." The Superior Court of New Jersey, Appellate Division, found that "[T]he ratio decidendi of the decisional law giving recognition to causes of action for the protection of an expectant donative interest is `strong probability' that the anticipated gift or legacy would have been received but for wrongful interference."[7] Wrongful interference includes duress, fraud or undue influence.[8]
The plaintiff in her complaint to which the agreement between her father and sister dated December 18, 1956, is attached alleges the same facts in support of this count as those in the count for interference with a contract. In addition, the plaintiff alleges that she could expect a share in her father's estate but for the wrongful acts of the defendant. Although plaintiff does not expressly state that her father had a fixed intention to leave a portion of his estate to her and there existed strong probability that her father would have carried out this intention but for the wrongful acts of the defendant, the agreement indicates that such an allegation could have been made. The plaintiff moved to amend her complaint to include these allegations but was not permitted to do so. If there is a possibility that the plaintiff has a cause of action, leave to amend should not be denied.[9]
It is our opinion that when there is an allegation that the testator had a fixed intention to make a bequest in favor of the plaintiff and there existed a strong probability that this intention would have been carried out but for the wrongful acts of the defendant there exists a cause of action. While it is true that such a cause of action is difficult to prove, that does not affect the existence of a ground of tort liability. Thus, it was error to dismiss the count in the complaint charging interference with an expected bequest without leave to amend and in denying plaintiff's motion for leave to amend.
Accordingly, the judgment appealed is reversed and the cause remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
NOTES
[1] Chipley v. Atkinson, 23 Fla. 206, 1 So. 934, 940 (1887).
[2] Prosser, Torts, § 106 at 725, 726 (2d Ed. 1955).
[3] Morse v. Hendry Corporation, Fla.App. 1965, 177 So.2d 31.
[4] Note 2, supra, § 107 at 747; See Evans, Torts to Expectancies on Decedents' Estates, 1944, 93 U.Pa.L.Rev. 187.
[5] 210 N.C. 679, 188 S.E. 390 (1936).
[6] McGregor v. McGregor, 101 F. Supp. 848, 849 (D.Colo. 1951).
[7] Casternovia v. Casternovia, 82 N.J. Super. 251, 197 A.2d 406, 409 (1964).
[8] Hegarty v. Hegarty, 52 F. Supp. 296, (D.Mass. 1943).
[9] Slavin v. McCann Plumbing Co., Fla. 1954, 73 So.2d 902.