ERVIN, Justice
(dissenting):
A review of the opinion of the District Court in this case, reported in 278 So.2d 683, and the record proper discloses the trial judge improperly stated in his charge to the jury that verbal agreements to make a will are not valid. He qualified that statement by stating there was no claim in the case of a written agreement by the decedent to make a certain will.
The case sounded in tort for malicious slanderous remarks allegedly made by petitioner’s stepmother, claimed to have caused petitioner’s father to leave petitioner no inheritance, contrary to the father’s fixed intention to do so. The injection in the charge of the reference concerning the necessity for a written agreement to make a will was not germane to the tort action brought under the theory set forth in Allen v. Leybourne (Fla.App.1966) 190 So.2d 825. Therefore, it was misleading and harmful, and under the circumstances in which it was given could not logically be said to have been negated in the minds of the jurors by the further statement there was no claim in the case of a written agreement of the decedent to make a certain will.
*704 The decision below should be quashed and the case retried without this misleading statement of the trial judge. Patent conflict with Allen v. Leybourne appears and also with the line of cases holding it is error to charge the jury upon inapplicable law not pertinent to the issues made by the pleadings. See Bolin v. Ace Discount Co. (Fla.App.1971) 256 So.2d 41.
McCAIN, J., concurs.