Wayne **TEAGUE, Appellant,**

v.

**B. J. STEPHENS, Appellee.**

**No. 1109.**

Court of Civil Appeals of Texas, Tyler.

March 23, 1978.

Roger D. Sanders, Jarvis, Grisham, Sanders & Emerson, Sherman, for appellant.

R. L. McSpedden, Collie, McSpedden, Roberts & Davis, Dallas, for appellee.

McKAY, Justice.

This is a summary judgment case. Appellant, Wayne Teague, brought suit against appellee, B. J. Stephens, seeking damages by alleging that appellee negligently or intentionally caused the disappearance or destruction of a will of Gordon Patrick Coughlin, deceased. Appellant alleged that he was a beneficiary under such a will and that he would have received a Rolex watch and a Cadillac automobile had the will been found. Appellee answered by general denial and then filed a motion for summary judgment, which motion was granted. Judgment was rendered for appellee, and appellant appeals.

Appellee's motion for summary judgment alleged that there was no genuine issue as to a material fact. Appellee's affidavit attached to his motion states that he had never seen nor did he have knowledge of any purported will made by Gordon Patrick Coughlin which contained any bequest in favor of appellant, and that he, appellee, never destroyed or lost any will made by Coughlin.

Appellant by his answer contended that there were existing issues of fact, and in his attached affidavit stated that Coughlin was his very close friend, and that he had known him for several years and on many occasions had assisted him in business; that Coughlin seemed to consider him a son; that they had thought about going into business together; that he had been told by numerous associates and friends of Coughlin that he was to have Coughlin's car and Rolex watch if anything happened to Coughlin; and that several people had told him that Coughlin told them that he had made some provision for him in his estate. Appellant further stated in his affidavit that he had never seen a will of Coughlin which listed him as a beneficiary.

There was another affidavit attached to appellant's answer, being that of Sybil Lucas Spiers (formerly Sybil Lucas Rea). She stated that she and Coughlin had apartments in the same apartment building; that she dated Coughlin during the last year of his life and they were planning to marry; that Coughlin showed her a manila file folder in a desk drawer in his apartment and told her it had his insurance and other papers in it that she would need if anything happened to him, in which event to get the folder and take it to Joe Denton, a banker; that from Coughlin's statement she inferred that his will was in the folder; that on the day Coughlin died she saw appellant and his wife and Coughlin's son and daughter at the hospital and that after his death and later the same day all of them went to Coughlin's apartment where they found a security guard at the door; that after a few minutes the son was allowed inside, and a few minutes later she was allowed inside in the company of a rental agent to select a burial suit; she was allowed in the apartment later the same week to reclaim furniture and pots and pans Coughlin had borrowed from her; that appellee told her that the manila folder she described was never found. She further stated that Coughlin said to her that appellant was like a son to him and that appellant was to get his wrist watch and automobile.

Also attached to appellant's answer was a copy of a letter from Ruby Fadal of Waco, Texas, addressed to appellee in which she stated that she had not seen a will but that Coughlin told her in March, 1975, that he had changed his will; that Coughlin had told her several times that if he ever changed his will he would name appellant in it, and that when he said he had changed it she "figured that is what he had done."

There is also in the record the depositions of appellant and appellee. Appellant stated in his deposition that a man named Bob Cummings and another named Bob Shelby both told him after Coughlin's death that he was to get Coughlin's watch and car if anything happened to Coughlin, and that Sybil Rae and Jean Dillard told him the same; that Ruby Fadal also told him the same, and that each told him after Coughlin's death.

In his deposition appellant testified that Coughlin never showed him any will by which any property was left to him; that

he did not know whether Coughlin had a will; that Coughlin never told him he did have a will or that he did not have a will or that he had made a will; that he did not know whether Coughlin made a will which made him (appellant) a beneficiary; that he did not know what was in the papers in the drawer because he was never given the opportunity to see them and did not see them; that the only person who had told him that Coughlin had made a will and he was a beneficiary was Ruby Fadal and she said "he had made a new will and had me well taken care of in it," but that he had no knowledge that Coughlin ever had such a will.

In appellee's deposition he stated that Sybil Ray (sic) called and told him that Coughlin had told her that he had papers in his apartment and that she was well taken care of and he indicated to her where the papers were, but she did not call it or them a will. Appellee further stated that Ruby Fadal called him and told him that Coughlin told her that he had drawn another will, but she had never seen it, and that she was well taken care of in that will "just like he told Mrs. Ray [sic] and just like he told Mr. Teague." He further said he had drawn three wills for Coughlin, the last one being after Coughlin's divorce from his last wife, Jackie, but he did not know whether Coughlin ever made another will.

Appellant brings four points of error contending that the trial court erred in granting summary judgment for appellee by improperly placing the burden of proof on appellant; by determining the summary judgment motion upon the same grounds as a motion for directed verdict; by concluding that appellant could never adequately show the terms of the will; and by granting appellee's motion for summary judgment.

A summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 166–A, T.R.C.P. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). The evidence must be viewed in the light most favorable to the party opposing the motion. *Valley Stockyards Co. v. Kinsel,* 369 S.W.2d 19 (Tex. 1963). If the credibility of affiant or deponents is involved in the motion, or a mere ground of inference is involved, the motion should not be granted. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Cowden v. Bell,* 157 Tex. 44, 300 S.W.2d 286, 287 (1957). Evidence which favors the movant's position is not considered unless it is uncontradicted, and if such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct and positive, and there are no circumstances in the evidence tending to discredit or impeach such testimony. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., supra.* Such exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., supra* ; *Valley Stockyards Co. v. Kinsel, supra.*

We must measure the motion and the evidence in the record by the above rules. Appellee, as the movant, contends there is no fact issue, and asserts in his affidavit that he had never seen nor did he have knowledge of any purported will by Coughlin which contained any bequest to appellant, and that he, appellee, never lost or destroyed any will made by Coughlin. However, under the above rules, we must view the evidence in the light most favorable to appellant, and in so doing we must disregard all conflicts in the evidence and accept as true the evidence which tends to support appellant's position. However, appellant's summary judgment evidence is addressed to the proposition that there may have been a will in existence and not to the

**440**

issue whether appellee lost or destroyed any will.

Accepting appellee's affidavit as true would not foreclose the question concerning the existence of a will. However, the issue here is whether appellee negligently or intentionally caused the loss or destruction of the will. The only evidence on this issue is contained in the affidavit of appellee and he there states that he had never destroyed or lost any will made by Coughlin. Although this affidavit evidence comes from an interested witness it is clear, direct and positive, and there are no circumstances tending to discredit or impeach such testimony. Accordingly, in our opinion there is no genuine issue of a material fact raised in the record.

The judgment of the trial court is affirmed.