VERA NEMETH, Plaintiff-Appellant, *v.* KORNELIA BANHALMI *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-1821

Opinion filed August 21, 1981.

494

Robert T. Palmer and McDermott, Will & Emery, both of Chicago, for appellant.

William J. O'Connor and Barry A. Feinberg, both of Chicago, for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff filed an amended verified complaint (complaint) alleging in count I malicious interference with expectancy and in count II abuse of a confidential relationship. Pursuant to section 45(1) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45(1)), defendants filed a motion to dismiss on the grounds that the complaint was substantially insufficient in law and failed to state a cause of action. The court granted defendants' motion and dismissed plaintiff's complaint. Plaintiff appeals.

The issue presented for review is whether the complaint properly pleaded a protectible expectancy and the existence of a fiduciary or confidential relationship.

As the order of dismissal was entered upon allowance of defendants' motion to dismiss, all facts properly pleaded in the complaint must be taken as true. *In re Kritsch* (1978), 65 Ill. App. 3d 404, 382 N.E.2d 50.

Count I of the complaint stated that plaintiff was the natural daughter of the late Rose Sternberg. Following the death of plaintiff's father, Rose married the late Paul Sternberg (hereinafter decedent). Rose and decedent then had a daughter Kornelia, stepsister to plaintiff, and a defendant in this action.

Decedent and plaintiff's mother, pursuant to an oral agreement,

made and executed identical wills in 1975, each leaving the estate to the other, if surviving, and if the other spouse was not alive, leaving the estate equally divided between plaintiff and defendant Kornelia.

After Rose Sternberg died in 1975, decedent, in his late eighties and in poor health, went to live with Kornelia and defendant George Banhalmi, her husband. While living with them, decedent was induced to supply the down payment for the purchase of a house, to act as a co-signatory of the mortgage loan, and to place title in joint tenancy with them, when told by defendants that unless he did so he would have to go into a nursing home. In July 1976, decedent made a new will again leaving his estate equally divided between plaintiff and defendant Kornelia. Plaintiff and defendants were present at that time and knew of its provisions. In 1977, decedent had a stroke, suffered diminished mental powers and was dependent on defendants for food, lodging and attention to his personal needs and the handling of his personal and business financial matters. During this period he was induced to transfer valuable personal property to defendants, who also commingled the income from his business investments with their own funds. In January 1977, defendants induced decedent to make a new will leaving almost all his property to Kornelia. In 1978, shortly after being placed in a nursing home, decedent died. Defendants claimed they could not locate the originals of any of decedent's wills and his entire estate passed to defendant Kornelia by intestacy.

Count I alleged damages and prayed that plaintiff be awarded compensatory and punitive damages and the costs of the action.

Count II realleged paragraphs 1-19 of count I but included the additional allegation that from the time decedent moved in with defendants they had occupied a confidential relationship of trust with him which they subsequently abused. Count II prayed for the imposition of a constructive trust on all assets obtained by defendants as a result of their abuse of their confidential relationship with decedent, any other relief the court deemed equitable and proper, and costs of the action.

Defendants moved to dismiss the complaint. Following arguments of counsel on the motion, the court dismissed the complaint for its failure to show the existence of any expectancy or of any fiduciary or confidential relationship. Plaintiff filed a motion to reconsider and vacate the order which was denied. Plaintiff appeals.

OPINION

Plaintiff seeks damages from defendants for their tortious interference with her expectancy. The "expectancy" upon which plaintiff bases her claim is the bequest made to her in decedent's revoked 1976 will.

Defendants counter, however, that plaintiff, a nonheir, has no

recognizable expectancy in the decedent's estate with which they could interfere. Defendants argue that a will has no force to confer any rights until admitted into probate and that the copy of the 1976 will upon which plaintiff relies has never been so admitted. Therefore, plaintiff has no expectancy in decedent's estate upon which her action may be based. While defendants cite no Illinois case which bars plaintiff's action for damages, plaintiff cites *Lowe Foundation v. Northern Trust Co.* (1951), 342 Ill. App. 379, 96 N.E.2d 831, for support.

In *Lowe*, the complaint alleged that decedent resided in a home for Christian Scientists maintained by plaintiff in the case. During his residency there decedent called plaintiff's attorney and expressed a desire to bequeath $500,000 to plaintiff. Decedent signed a holographic codicil making this bequest. Another typed codicil was prepared by the plaintiff's attorney and signed by decedent in the presence of witnesses but the amount of the bequest was left blank. Defendant, an attorney and associate of decedent, told him that $500,000 would exhaust his estate, whereupon the typed codicil was destroyed. The next day decedent was removed from the home by certain of his advisors. Plaintiff's complaint also alleged that when removed from the home decedent was kept in isolation and induced to sign a new codicil to his will purporting to cancel all other codicils except for one not pertinent here. Subsequently, decedent died. The plaintiff attempted to have the holographic codicil admitted to probate, but it was denied admission. Plaintiff appealed that denial, but the appeal was dismissed upon plaintiff's own motion, whereupon plaintiff instituted the action in *Lowe*. Included in the relief sought by plaintiff were damages in the amount of $500,000 for wrongful interference with decedent's intended testamentary disposition to plaintiff. The complaint was dismissed.

On appeal, the *Lowe* court noted that the right of an intended devisee or legatee to relief for such wrongful conduct had never before been passed on in Illinois, but that in other jurisdictions relief had been granted by either declaring a constructive trust in the property received or by awarding damages in an action in tort. The court stated that it had found no cases where a constructive trust had been imposed when the intended disposition had been prevented by a third part, that is, a person who had not received the property, as in the action before it. Therefore, the court went on to consider whether the complaint was sufficient to state a cause of action in tort for damages.

The court concluded that the only allegation in the complaint of interference with the intended disposition of the property was defendant's statement that the bequest would exhaust decedent's estate. However, as the complaint did not allege that defendant knew this statement

to be false when made, it had not sufficiently alleged defendant acted fraudulently and hence did not state an action against defendant.

Implicit within the *Lowe* decision is the principle that a nonheir may bring an action for the tortious interference with a decedent's intended testamentary disposition, which supports plaintiff's contention here that she has pleaded a protectible expectancy. The *Lowe* plaintiff pleaded no more of an "expectancy" than plaintiff in the instant case. The expectancy of the *Lowe* plaintiff was based on a bequest in an expressly revoked codicil, while here plaintiff's "expectancy" is based on a bequest in a previously revoked will.

Although neither party has directed this court to additional Illinois cases addressing this issue, further support for plaintiff's position can be found in other authorities. The Restatement (Second) of Torts §774B (1979) includes the intentional interference with an inheritance or gift as a valid cause of action. The Restatement provides that "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." Comment b to that section defines "inheritance" to include "any devise or bequest that would otherwise have been made under a testamentary instrument or any property that would have passed to the plaintiff by intestate succession." Restatement (Second) of Torts §774B, comment b, at 58 (1979).

In *Prosser*, Torts §130, at 950-51 (4th ed. 1971), it is stated that there is no essential reason for refusing to accord to noncommercial expectancies, such as an expected gift or legacy under a will, the protection the courts have generally accorded commercial expectancies, such as the prospect of obtaining employment, employees, or customers. Interference with prospective economic advantage is a recognized cause of action in Illinois (*Doremus v. Hennessy* (1898), 176 Ill. 608, 52 N.E. 924), the essential allegations of which include plaintiff's reasonable expectancy of entering into a valid business relationship, the defendant's knowledge of this expectancy, an intentional interference by the defendant which prevents the expectancy from ripening into a valid business relationship and damage to the plaintiff from such interference. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1973), 16 Ill. App. 3d 709, 306 N.E.2d 549, *modified on other grounds* (1975), 61 Ill. 2d 129, 334 N.E.2d 160 (1975).

Further, our research has indicated that the majority of those jurisdictions considering the issue have held that an action in damages will lie for the wrongful interference with an expectancy under a will. (*McGregor v. McGregor* (D. Colo. 1951), 101 F. Supp. 848; *Hegarty v.*

*Hegarty* (D. Mass. 1942), 46 F. Supp. 319; *Cyr v. Cote* (Me. 1979), 396 A.2d 1013; *Frohwein v. Haesemeyer* (Iowa 1978), 264 N.W.2d 792; *Allen v. Leybourne* (Fla. App. 1966), 190 So. 2d 825; *Newsom v. Estate of Haythorn* (1954), 125 Ind. App. 276, 122 N.E.2d 149; *Bohannon v. Wachovia Bank & Trust Co.* (1936), 210 N.C. 679, 188 S.E. 390; *Morton v. Petitt* (1931), 124 Ohio St. 241, 177 N.E. 591; *Creek v. Laski* (1929), 248 Mich. 425, 227 N.W. 817; see *Teague v. Stephens* (Tex. Civ. App. 1978), 564 S.W.2d 437; contra, *Marshall v. DeHaven* (1904), 209 Pa. 187, 58 A. 141; *Hutchins v. Hutchins* (N.Y. 1845), 7 Hill 104.

The rationale, when expressed, for allowing such an action has either been that no policy reason exists not to extend protection to an expectancy in a noncommercial context (*Cyr v. Cote; Frohwein v. Haesemeyer; Allen v. Leybourne; Bohannon v. Wachovia Bank & Trust Co.*), or that it is a principle of justice that no wrong is without a remedy. *Morton v. Petitt; Creek v. Laski; Dulin v. Bailey* (1916), 172 N.C. 608, 90 S.E. 689.

The nature of the noncommercial expectancy to be accorded such protection has been best described in *Mitchell v. Langley* (1915), 143 Ga. 827, 85 S.E. 1050, a case involving a nonvested expectancy under an insurance policy. There the court stated:

> "A bare possibility may not be [protectible]. But where an intending donor, or testator, or member of a benefit society, has actually taken steps toward perfecting the gift, or devise, or benefit, so that if let alone the right of the donee, devisee, or beneficiary will cease to be inchoate and become perfect, we are of the opinion that there is such a status that an action will lie, if it is maliciously and fraudulently destroyed, and the benefit diverted to the person so acting, thus occasioning loss to the person who would have received it." 143 Ga. 827, 835, 85 S.E. 1050, 1053.

■■ We find this reasoning to be persuasive and tacitly supported by those courts allowing an action for malicious interference with an expectancy. In most of the cases from other jurisdictions we have reviewed, plaintiffs were devisees under a will which had been revoked (*Frohwein v. Haesemeyer* (Iowa 1978), 264 N.W.2d 792; *Newsom v. Estate of Haythorn* (1954), 125 Ind. App. 276, 122 N.E.2d 149), destroyed (*Morton v. Petitt* (1931), 124 Ohio St. 241, 177 N.E. 591; *Creek v. Laski* (1929), 248 Mich. 425, 227 N.W. 817), or modified (*Dulin v. Bailey* (1916), 172 N.C. 608, 90 S.E. 689) because of the fraudulent actions of the defendant(s). In one case the property devised under the will had been conveyed to defendants by the testator, again because of the defendants' allegedly tortious acts. *Cyr v. Cote* (Me. 1979), 396 A.2d 1013.

■■ In the instant case plaintiff's allegation that she was a devisee under two prior wills of decedent stands uncontradicted. Further, she asserts that the devise to her in these wills was the result of the oral agreement

between her mother and the decedent to make identical wills. Thus, it is apparent that, far from being a "mere possibility" of what the decedent might have done, here the expectancy plaintiff alleges derives from steps taken by the decedent on two distinct occasions toward "perfecting" it. (See *Allen v. Leybourne* (Fla. App. 1966), 190 So. 2d 825.) Accordingly, we conclude that plaintiff's complaint has alleged an expectancy sufficient to maintain this type of action and that the court erred in dismissing Count I of her complaint.

■■ In order to recover, however, plaintiff must sustain her burden of proof. To do that under count I she will have to prove: (1) the existence of her expectancy; (2) that defendants intentionally interfered with her expectancy; (3) the interference involved conduct tortious in itself such as fraud, duress or undue influence (Prosser, Torts §130, at 951 (4th ed. 1971); *Lowe Foundation v. Northern Trust Co.* (1951), 342 Ill. App. 379, 96 N.E.2d 831; *Allen v. Leybourne* (Fla. App. 1966), 190 So. 2d 825); (4) that there is a reasonable certainty that the devise to plaintiff would have been received but for defendants' interference (Restatement (Second) of Torts §774B, comment d, at 59 (1979)); and (5) damages.

■■ The final issue to be determined is whether count II of plaintiff's complaint sufficiently pleaded the facts necessary to allege the existence of a confidential relationship between defendants and decedent.

"A fiduciary or confidential relationship exists where, by reason of friendship, agency, business association and experience, trust and confidence are reposed by one person in another who, as a result, gains an influence and superiority over him." (*McCartney v. McCartney* (1956), 8 Ill. 2d 494, 499, 134 N.E.2d 789, 792.)

The factors to be considered include the degree of kinship, disparity of age, health and mental condition and the extent to which the allegedly servient party entrusted the handling of his business and financial affairs to and reposed faith and confidence in the dominant party. (*Desiderato v. Sullivan* (1980), 84 Ill. App. 3d 1117, 406 N.E.2d 116.) The mere fact of a blood relationship, however, does not in itself establish a confidential or fiduciary relationship. *Perry v. Wyeth* (1962), 25 Ill. 2d 250, 184 N.E.2d 861.

With these factors in mind we review the allegations contained in count I and realleged in count II to determine whether a fiduciary or confidential relationship was sufficiently pleaded. The complaint alleges that defendants were the natural daughter and the son-in-law of decedent; that decedent was in poor health and was of advanged age when he went to live with them; that decedent suffered a stroke in 1977, diminishing his mental powers, and that he was dependent upon defendants to meet his personal needs; and further that defendant George handled his business and personal financial matters.

■■ Considering that these allegations address the kinship between defendants and decedent, the latter's diminished physical health and mental ability, as well as the latter's dependence on defendants to meet his personal needs and to manage his financial affairs, count II of the complaint sufficiently alleges the existence of a fiduciary or confidential relationship between defendants and decedent and therefore should not have been dismissed. See *Wolfe v. Wolfe* (1980), 81 Ill. App. 3d 833, 401 N.E.2d 1111.

Accordingly, for the reasons discussed, the order of the court dismissing counts I and II of plaintiff's complaint is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.