EVELYN R. GREENE, Plaintiff-Appellant, v. THE FIRST NATIONAL BANK OF CHICAGO et al., Defendants-Appellees.

First District (1st Division)  Nos. 86—1184, 86—1457 cons.

Opinion filed October 5, 1987.—Rehearing denied December 2, 1987.

Erens & Miller, of Chicago (Jay Erens, Paul K. Vickrey, and Susan Levine, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, George W. Spellmire, Robert J. Milligan, and Joshua G. Vincent, of counsel), for appellees Raymond L. Rusnak, Richard H. Deutsch, and Howard N. Gilbert.

Peter J. Kilchenmann, Lynn A. Goldstein, and Cynthia H. Hyndman, all of Chicago, for appellee First National Bank of Chicago.

JUSTICE BUCKLEY delivered the opinion of the court:

The plaintiff, Evelyn Greene (Evelyn), initiated this action against First National Bank of Chicago (First National), the co-executor and trustee for the estate of Anna Greenebaum (Anna), her mother, and Raymond L. Rusnak, Richard H. Deutsch, and Howard Gilbert, and their law firm (collectively Rusnak defendants), who were the drafters of Anna's will. In a multiple-count complaint, plaintiff alleged that the defendants committed breach of fiduciary duty, fraud, conspiracy, and tortious interference with an expectancy to inherit. The complaint further alleged that the Rusnak defendants committed legal malpractice.

Each of the counts of Evelyn's complaint was based on the same set of factual allegations. She alleged that in 1976, First National requested the opinion of its in-house attorneys concerning how Anna Greenebaum's will exercised the power of appointment over the corpus of a trust which formed the bulk of her estate. James R. Hexem, an attorney from First National's trust department, wrote a letter (Hexem letter) to Rusnak stating that the will exercised the power of appointment in favor of Evelyn. Plaintiff alleged that from the time she received a copy of the Hexem letter and "at relevant times thereafter, *** [she] understood and relied upon defendant First National's representation that she was the sole beneficiary of the exercise of the Power of Appointment by Anna's will."

Plaintiff further alleged that when Rusnak received the Hexem letter, he began a series of communications with First National. The purpose of these communications was to convince First National that the power of appointment was in fact exercised equally in favor of Evelyn and her sister, Ruth Grumbine Lowry (Ruth). As a result of these al-

leged communications, First National changed its position to the one advocated by Rusnak. None of these communications were disclosed to Anna or Evelyn.

At Anna's death in 1980, her will was admitted to probate. Evelyn petitioned the probate court to construe the appointment language in Anna's will. She contended that the will exercised the power over the corpus of Ann's trust solely in her favor. The probate court rejected this contention, holding that the will unambiguously exercised the power of appointment one-half in favor of Evelyn and one-half in favor of First National as trustee for Ruth. This court affirmed the circuit court in an unpublished Rule 23 (107 Ill. 2d R. 23) order.

Following this unsuccessful probate suit, plaintiff filed the instant action. Pursuant to defendant's motion to dismiss and strike under sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619), the trial court dismissed counts II through VI of plaintiff's complaint. Plaintiff appeals from this dismissal order.

## I

■ In ruling on a motion to dismiss pursuant to section 2—615, the court must "accept all well-pleaded facts as true and then *** determine whether the allegations of the complaint, when interpreted in a light most favorable to plaintiff, are sufficient to state a cause of action against defendants. [Citations.] A cause of action is properly dismissed on the pleadings where it clearly appears that no set of facts can be proved which will entitle the plaintiff to relief. [Citation.]" (*Rinck v. Palos Hills Consolidated High School District No. 230* (1979), 82 Ill. App. 3d 856, 863, 403 N.E.2d 470, 474.) Applying this rule to the instant complaint, the trial court dismissed the complaint, finding it to be substantially insufficient as a matter of law.

■ The trial court's rationale for this conclusion was that the Hexem letter, which was incorporated by reference into the complaint, contradicted key allegations. Generally, exhibits to a complaint govern over the allegations in the complaint. To the extent that the exhibit and allegations are inconsistent or in conflict the allegations are negated. *Sangamon County Fair & Agricultural Association v. Standard* (1956), 9 Ill. 2d 267, 276, 137 N.E.2d 487, 493; *First National Bank v. Shape Magnetronics, Inc.* (1985), 135 Ill. App. 3d 288, 293, 481 N.E.2d 953, 956.

The exhibit in question, the Hexem letter, was written in 1976 by one of First National's attorneys and sent to Raymond L. Rusnak. The full text of the letter is as follows:

"Dear Mr. Rusnak:

Pat Rossi, the Administrative Officer, [*sic*] for the Greenebaum Trust, and I have reviewed the provisions of Mrs. Greenebaum's Will and the provisions of her husband's Testamentary Trust, for the purpose of determining whether the Trustee of the marital trust may purchase U.S. Treasury (Flower) Bonds redeemable at Mrs. Greenebaum's death for payment of federal estate taxes.

*We have concluded that the language of Mrs. Greenebaum's current Will, which exercises the power of appointment given to her under her husband's Will in favor of her daughter, Evelyn, will not permit any flower bonds held by the Trustee of the marital trust to qualify for the redemption at par privilege.*

Perhaps you and Mrs. Greenebaum will want to consider whether it is advantageous to the family estate plan to hold flower bonds in the marital trust, and also whether the execution of a Codicil would be appropriate.

Sincerely yours,


James R. Hexem"

(Emphasis added.)

The thrust of Evelyn's allegations relating to the Hexem letter is twofold: (1) this letter sets forth the opinion of First National's in-house counsel as to how the will exercised the power of appointment; (2) upon receipt of the letter, and at all relevant times thereafter, Evelyn understood that it was First National's position that she was the sole appointee. The trial court, however, found that the letter does not support her allegations because it does not state that the power of appointment was exercised "solely" in favor of Evelyn.

■■ The trial court's interpretation of the letter is hypertechnical. We do not believe that the Hexem letter contradicts plaintiff's allegations simply because it does not use the word "solely." The absence of this word does not demonstrate that the exhibit and complaint are inconsistent or in conflict. While it is not entirely clear that the letter supports plaintiff's allegations, this is not enough to negate the complaint. Thus, the trial court's primary rationale for dismissing the complaint was incorrect.

■■ It is well-established law in Illinois, however, that a reviewing court may sustain the decision of a lower court on any grounds called for by the record regardless of whether the lower court's reasoning was correct. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384, 389-90; *Material Service Corp. v. Depart-*

*ment of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12.) The record in the instant case shows that even with the allegations which the trial court negated, plaintiff's complaint is substantially insufficient as a matter of law.

We first consider count II of the complaint. In substance, this count alleges First National breached its fiduciary duty of full disclosure to plaintiff when it failed to reveal the fact that it had adopted Rusnak's position, that the will exercised the power of appointment equally in favor of Ruth and herself, in contradiction to the position it had taken in the Hexem letter. In addition, this count alleges First National breached its duty of fairness and impartiality when it actively opposed plaintiff in the earlier will construction suit.

■ The basic deficiency of this count is that it fails to allege a fiduciary duty of full disclosure that First National owed to plaintiff. No duty can be derived from the fact that defendant acted as trustee for the Anna Greenebaum trust. Prior to her death, Anna was the sole beneficiary of this trust. Evelyn had no beneficial interest. It is axiomatic that a trustee only owes fiduciary duties to its beneficiary. (See Restatement (Second) of Trusts sec. 170 (1957).) Accordingly, First National did not owe Evelyn fiduciary duties concerning her mother's trust.

Alternatively, Evelyn alleges that First National owed her a duty of full disclosure based on the fact that the defendant was trustee for the residuary trusts her father, Walter Greenebaum, left to Ruth and herself. These trusts are unrelated to Anna's will and trust. Simply because First National was a trustee for Evelyn's unrelated trust accounts does not mean it owed her a duty of full disclosure concerning her mother's will and trust. A trustee only owes a fiduciary duty of full disclosure to a beneficiary of the trustee's own account. (See Restatement (Second) of Trusts sec. 170 (1957).) A contrary conclusion would impose an intolerable burden on a trustee to make disclosures to a beneficiary of one trust account about transactions in another account.

■ In addition, Evelyn alleges that First National breached its fiduciary duties of fairness and impartiality when it opposed her in the earlier will contest. As with the other allegations in this count, these are deficient because they fail to allege a duty First National owed to Evelyn. After Anna's death, First National had two distinct legal relationships with respect to Evelyn, as trustee of the Anna Greenebaum Trust in which she had a partial beneficial interest, and as co-executor of Anna's will. The duties that flow from these two relationships are separate and distinct. As our supreme court stated in *Wylie v. Bushnell* (1917), 277 Ill. 484, 507, 115 N.E. 607, 618, "[i]f a testator in his

will appoint his executor to be a trustee it is as if different persons had been appointed to each office ***. Where the same person is trustee and executor his duties in the two relations are practically separate and distinct." (277 Ill. 484, 507, 115 N.E. 607, 618.) First National's alleged breach of fiduciary duties in the will contest only relates to its role as co-executor.

An executor is the person appointed by the testator to carry out the testator's directions concerning dispositions she had made under her will. (*In re Estate of Silverman* (1972), 6 Ill. App. 3d 225, 228, 285 N.E.2d 548, 550.) The executor owes fiduciary duties to the estate and the beneficiaries under the will. (*In re Estate of Brown* (1978), 58 Ill. App. 3d 697, 711, 374 N.E.2d 699, 710.) The executor must defend the terms of the will and seek the best interests of the estate. *First National Bank v. Mottola* (N.D. Ill. 1969), 302 F. Supp. 785, 789 n.6, *aff'd* (7th Cir. 1972), 465 F.2d 343; *In re Application of County Collector* (1966), 72 Ill. App. 2d 272, 276, 218 N.E.2d 244, 246.

■■ In essence, Evelyn alleges that First National breached its duties as a co-executor because it refused to abandon its duty to defend the terms of the will when she filed her construction suit. There is no doubt that an executor has a duty to act fairly and impartially to the beneficiaries of a will, but this duty in no way precludes the executor's equally important duty to defend the will. We believe that it would be unreasonable to expect an executor to abandon the defense of the terms of the will simply because a beneficiary had filed a construction suit. The duty that Evelyn would impose on First National, in its capacity as co-executor, does not exist.

Finally, Evelyn alleges that First National owed her fiduciary duties "by virtue of the trust and confidence plaintiff placed in defendant." She does not, however, allege any facts to suggest that such a relationship existed between her and First National. No fiduciary duties can be derived from her conclusory allegations. See *Roeske v. First National Bank* (1980), 90 Ill. App. 3d 669, 673, 413 N.E.2d 476, 479.

■ In sum, plaintiff's allegations of breach of fiduciary duties in count II are substantially insufficient as a matter of law because she failed to allege a duty defendant owed to her. Accordingly, this count was properly dismissed.

## II

In count III, Evelyn alleges that First National committed fraud because the Hexem letter falsely represented that her mother's will exercised the power of appointment exclusively in her favor. Moreover,

she alleges that First National committed fraud in not disclosing to her the potential ambiguity in the appointment provisions of the will. She alleges that if First National had not made false representations and concealed material facts, her mother would have taken the necessary legal steps to correct the will and dispose of the estate exclusively in her favor.

It is a well-established rule of law that for a complaint to state a cause of action for fraud, it must be pleaded with specificity, particularity, and certainty. (*Wolford v. Household Finance Corp.* (1982), 105 Ill. App. 3d 1102, 1104, 435 N.E.2d 528, 529; *Northwest Federal Savings & Loan Association v. Weisberg* (1981), 97 Ill. App. 3d 470, 473, 422 N.E.2d 1101, 1104.) Fraud cannot be made out by the profuse interpolation of facts alleged in the complaint. (*Hardy v. Bankers Life & Casualty Co.* (1958), 19 Ill. App. 2d 75, 79, 153 N.E.2d 269, 271.) A cause of action for fraudulent misrepresentation is established by "allegations that the wrongdoer knowingly misrepresented a material fact for the purpose of inducing the claimant to act, that the claimant reasonably believed the misrepresentation to be true, and *** he detrimentally relied upon it. [Citations.]" (*Northwest Federal Savings & Loan Association v. Weisberg* (1981), 97 Ill. App. 3d 470, 472-73, 422 N.E.2d 1101, 1103.) In order to state a cause of action for fraud arising from concealment of an existing material fact, the complaint must plead that the concealment was done with an intent to deceive under circumstances creating a duty to speak. *Central States Joint Board v. Continental Assurance Co.* (1983), 117 Ill. App. 3d 600, 604, 453 N.E.2d 932, 935.

The fundamental flaw with this count is that plaintiff failed to allege the requisite elements for fraudulent misrepresentation or fraudulent concealment. First, she does not allege that First National ever sent her the Hexem letter. Rather she alleged that she "received" the Hexem letter from an undisclosed source at an uncertain point in time. Such vague and conclusory allegations hardly meet the strict pleading requirements for fraud claims. Moreover, it is not clear that she even received the letter prior to her mother's death. These allegations are wholly lacking in any factual basis to say First National made a representation, false or otherwise, to her in the Hexem letter which induced her reliance at a time when her mother could have amended the will.

Second, as we concluded earlier, First National did not owe Evelyn a fiduciary duty to disclose matters concerning her mother's will prior to her death. Since defendant did not owe plaintiff a duty of full disclosure, this count fails to allege a necessary element for fraudulent con-

cealment. Thus, count III was substantially insufficient as a matter of law and properly dismissed.

### III

We next consider count IV, in which plaintiff alleges that First National and Rusnak conspired to commit the violations alleged in counts II and III. Since we have already concluded that the allegations in counts II and III are substantially insufficient as a matter of law, they cannot serve as the basis for a conspiracy claim against First National.

With respect to the Rusnak defendants, plaintiff alleges they conspired to breach fiduciary duties they owed to her. However, plaintiff has again failed to allege that the Rusnak defendants owed her fiduciary duties. She attempts to impose fiduciary duties on the defendants by alleging they drafted Walter and Anna Greenebaum's wills, and Ruth and her daughter are their clients. Obviously, neither of these roles is sufficient to show that the Rusnak defendants owed Evelyn fiduciary duties.

Plaintiff further alleges that the Rusnak defendants conspired to commit fraud by misrepresenting and concealing facts regarding the exercise of the power of appointment in Anna's will. These allegations fail because they do not allege that the defendants made any representation to her regarding the power of appointment. Moreover, the defendants did not have a duty to disclose to Evelyn matters concerning Anna's will. Indeed, the Rusnak defendants had a duty to Anna, as her attorney, not to make disclosures to Evelyn. (107 Ill. 2d R. 4—101.) Thus, count IV was properly dismissed because the allegations which form the basis for her conspiracy claim are substantially insufficient as a matter of law.

### IV

In count V, plaintiff alleges that First National and the Rusnak defendants intentionally interfered with her expectancy to inherit. To plead a cause of action for tortious interference with an expectancy to inherit, a complaint must allege the following: (1) the existence of an expectancy; (2) defendants' intentional interference with the expectancy; (3) that the interference involved conduct tortious in itself such as fraud, duress or undue influence; (4) a reasonable certainty that the devise would have been received by the potential devisee but for defendants' interference; and (5) damages. (See *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 499, 425 N.E.2d 1187, 1191.) Count IV fails because it does not allege the third and fourth elements.

The third element is not satisfied because the alleged breach of fi-

duciary duties, fraud, and conspiracy which form the basis for this count are the same allegations we have already concluded are substantially insufficient. Thus, count V fails to allege that defendants' conduct was tortious in itself.

The fourth element, a reasonably certainty that the devise would have been received but for defendants' interference, is completely absent from this count. In *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 498, 425 N.E.2d 1187, 1191, the court described this element as follows:

> " 'A bare possibility may not be [protectible]. But where an intending donor, or testator *** has actually taken steps toward perfecting the gift, or devise, or benefit, so that if let alone the right of the donee, devisee, or beneficiary will cease to be inchoate and become perfect, we are of the opinion that there is such a status that an action will lie, if it is maliciously and fraudulently destroyed, and the benefit directed to the person so acting, thus occasioning loss to the person who would have received it.' " 99 Ill. App. 3d 493, 498, 425 N.E.2d 1187, quoting *Mitchell v. Langley* (1915), 143 Ga. 827, 835, 85 S.E. 1050, 1053.

In the instant case, Anna took steps when she drafted her will towards perfecting a devise to Evelyn and First National as trustee for Ruth. However, Anna never took steps toward perfecting an exclusive devise to Evelyn. Count V does not allege that Anna had executed a will leaving the entire corpus of the trust to Evelyn and then the defendants caused Anna to revoke, destroy or modify the will, and execute a new will leaving one-half of the corpus of the trust to Evelyn and the other half to First National as trustee for Ruth. Thus, this count does not allege a slight possibility, let alone a reasonable certainty, that Evelyn would have received the entire corpus of the trust but for defendants' conduct.

This count is substantially insufficient in law because it does not allege the requisite elements for tortious interference with an expectancy to inherit. This count was therefore properly dismissed.

V

We finally consider count VI of plaintiff's complaint, in which she claims that the Rusnak defendants committed legal malpractice. The basis for this count is that they breached fiduciary duties they owed to her as the intended beneficiary of Anna's will, which they drafted, and as a primary beneficiary under the Anna Greenebaum Trust. Plaintiff contends that this count states a cognizable cause of action under the

holding of *Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224. We disagree. In *Ogle*, the supreme court held that an intended beneficiary of a will may bring a cause of action against the drafters of that will because their negligent draftsmanship frustrated the testator's intent. Plaintiff does not claim legal malpractice based on defendants' negligent draftsmanship of Anna's will. Rather, she alleges breach of fiduciary duties as the basis for her legal malpractice claim.

■■ *Ogle* does not mandate that the drafters of a will owe fiduciary duties to an intended beneficiary of a will or a primary beneficiary of a related trust. Plaintiff has not cited, nor have we found, any cases where the drafters of a will owed fiduciary duties to a person in plaintiff's position. Thus, defendants' alleged breach of fiduciary duties could not give rise to plaintiff's claim for legal malpractice, and, accordingly, count VI was properly dismissed.

■■ We do note, however, that the defendants filed a hybrid motion to dismiss, challenging on the one hand the legal sufficiency of the complaint pursuant to section 2—615, but, on the other hand, admitting the sufficiency of the complaint, and claiming that a defense to the action barred recovery pursuant to section 2—619. Our supreme court and this court have expressly disapproved of this type of procedure. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, 609; *Anzinger v. Illinois State Medical Inter-Insurance Exchange* (1986), 144 Ill. App. 3d 719, 725, 494 N.E.2d 655, 659.) Since this procedure did not prejudice plaintiff we do not find any error. (*Cf. Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642, 450 N.E.2d 1360, 1363.) The section 2—615 motion raises the threshold question of whether or not a cause of action has been stated and, accordingly, is the first motion to be considered. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, 609.) Since we have found that none of the counts state a cause of action, we do not express any opinion with respect to the issues raised by the section 2—619 motion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and MANNING, JJ., concur.