*In re* ESTATE OF NORAH E. KNOWLSON, Deceased (Mary Knowlson McGregor *et al.*, Petitioners-Appellants, v. Raymond R. Cusack *et al.*, Respondents-Appellees).

First District (2nd Division)   No. 86—1335

Opinion filed March 17, 1987.

Riordan, Larson, Bruckert & Moore, of Chicago (Robert Keith Larson and Alan L. Fulkerson, of counsel), for appellants.

Johnson, Cusack & Bell, Ltd., of Chicago (Thomas W. Murphy and Brian J. Wanca, of counsel), for appellees Raymond R. Cusack and Thomas W. Murphy.

McDermott, Will & Emery, of Chicago (Harry B. Holmes and Julie A. Lepri, of counsel), for appellee Barbara Knowlson Ray.

JUSTICE HARTMAN delivered the opinion of the court:

This appeal proceeds from the dismissal of an action for tortious interference with the expectancies of three petitioners under a former will of Norah Knowlson (Norah), deceased. The tort action is set forth in count V of a petition which contains additional grounds contesting Norah's will, pursuant to section 8—1 of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1).

On review we are asked to decide whether the timely filed and still pending will contest bars petitioners from maintaining a concurrent action against respondent, the sole legatee and appointee under a 1981 probated will and codicil, for damages they incurred as a result of her asserted tortious interference with their expectancies. The claimed damages allegedly equal the difference between the amount petitioners would receive from a successful will contest and the much greater amount which they contend they would have received as legatees and appointees under Norah's prior will. Punitive damages are also sought.

Petitioners are Norah's daughter, Mary Knowlson McGregor (Mary), and two of Norah's grandchildren, DeWitt Edwards Lobe (DeWitt) and Timothy Alden Edwards (Timothy), both children of an-

other of Norah's daughters, Elizabeth Knowlson Edwards (Elizabeth), who survived Norah but died before this suit was filed. The only respondent named in count V is Norah's third daughter, Barbara Knowlson Ray (Barbara). Petitioners John Peter McGregor and Bruce Knowlson Scace, other grandchildren of Norah, have dismissed their appeal from a different part of the same order being appealed.

Count I of the petition, claiming undue influence, was stricken for factual insufficiency with leave to amend. Count II, asserting Norah's lack of capacity to make a will, is still pending before the probate division of the circuit court of Cook County.

Norah died at age 95 on January 25, 1985, survived by her three daughters: Mary, Elizabeth, and Barbara. A son, James S. Knowlson IV, predeceased Norah. Elizabeth died on March 30, 1985, survived by DeWitt and Timothy. Norah's husband, James S. Knowlson III (James III), predeceased her on March 6, 1959. His will created a testamentary trust known as Fund A, under which Norah was given general testamentary power of appointment over the fund. If Norah failed to exercise her power of appointment, the money remaining in Fund A would be transferred to another trust, Fund B, and Norah's children would each receive a life interest in one-quarter of the income. On the death of each such child, unless the children exercised a special power of appointment in favor of a spouse or descendants, their descendants would receive the principal *per stirpes*.

Petitioners claim that Norah executed wills in 1966, 1971 and 1974 under which Fund A appointed and distributed the residue of her estate equally among her three daughters. That claim is contested by counsel for the executors, who stated at a hearing on April 25, 1986, that the prior will did not exercise the power of appointment over Fund A. Petitioners claim no knowledge of the present location of the three earlier wills. No copies of the wills are included in the record.

A later will dated May 13, 1981, with codicils dated February 4, 1982, and June 7, 1983, the later codicil revoking the earlier (collectively 1981 will), left Norah's entire estate to Barbara and appointed Barbara to receive Fund A in its entirety. The 1981 will was admitted to probate on April 17, 1985. The value of Fund A is between $1,300,000 and $1,500,000.

On October 16, 1985, petitioners filed the present will contest. The allegations set forth in count V are that Barbara wrongfully interfered with petitioners' expectancies by using duress, fraud, and undue influence, causing Norah to make numerous *inter vivos* transfers of property to Barbara and causing Norah to leave all her property

and all of Fund A to Barbara under the 1981 will. Count V seeks compensatory damages of $1,350,000, plus the costs of litigation, and punitive damages of $1 million.

On January 7, 1986, Barbara moved to dismiss count V and two other counts of the petition, stating that count V will not lie in a situation where a will was admitted to probate and, even if it would lie, it should be dismissed for failure to plead necessary elements of such a cause of action with sufficient specificity. After a hearing, the circuit court dismissed count V, holding that petitioners who were heirs or legatees under a prior will had no right to include in a will contest a count for tortious interference with an expectancy, citing *Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 454 N.E.2d 288, *Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 466 N.E.2d 977 (*Nemeth II*), and *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 425 N.E.2d 1187 (*Nemeth* I). The circuit court made no determination as to whether count V alleged sufficient facts to state a cause of action. A Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) finding that no just reason existed for delaying enforcement of the order or an appeal accompanied the order.

Petitioners appeal. For reasons stated below, we reverse and remand with directions.

Petitioners contend that their tort count is properly pleaded in this action because a successful will contest will merely allow them to obtain a life estate in one-quarter of Fund A for Mary and one-quarter of Fund A divided between the remaining two petitioners, DeWitt and Timothy, under the will of James III, which would fall short of the outright one-third of Fund A that Mary would have received by appointment under Norah's prior will and the outright one-third that would have been divided between DeWitt and Timothy under the prior will. Petitioners also note that: their tort count was timely filed; punitive damages have been awarded for tortious interference with an expectancy (*Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 954, 972, 466 N.E.2d 977); and elements of the tort action are substantially similar to those of undue influence.

Barbara maintains that section 8—1 of the Act, and the *Robinson* decision, bar such relief because a will contest, where available as in this case, is petitioners' sole remedy. She urges that if the 1981 will is set aside, and one of the earlier wills is subsequently recognized as valid, petitioners will receive full compensatory damages since the earlier wills allegedly grant petitioners the larger share of Fund A they are seeking. This argument presumes that an earlier will can be validated by petitioners' efforts, a supposition unsupported at this

stage of the litigation by any evidence.

■■ Indeed, petitioners' main ground for claiming the will contest will not provide an adequate remedy is the assertion that the earlier wills may not be admitted to probate, leaving in force the division of Fund A made by James III. Authorities have held under such circumstances that a tort action is appropriate where that tort has made it impossible to probate a prior will. (*Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 466 N.E.2d 977; *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 425 N.E.2d 1187; *McGregor v. McGregor* (D. Colo. 1951), 101 F. Supp. 848, 850, *aff'd* (10th Cir. 1953), 201 F.2d 528; *DeWitt v. Duce* (Fla. 1981), 408 So. 2d 216, 218-19; *Benedict v. Smith* (1977), 34 Conn. Sup. 63, 65, 376 A.2d 774, 775; *Axe v. Wilson* (1939), 150 Kan. 794, 802, 96 P.2d 880, 886. See A. Evans, *Torts to Expectancies in Decedents' Estates*, 93 U. Pa. L. Rev. 187, 198, 203 (1944).) The principle enunciated under such circumstances is that justice requires imposition of a remedy when a wrong has been committed. *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 498, 425 N.E.2d 1187.

There may be some question as to whether, in the present case, the prior wills exercised the power of appointment over Fund A; however, petitioners seek to prove that such an exercise was made in favor of the three daughters equally, in order to establish the basis of their expectancies. Should none of the earlier wills be admitted to probate, and should petitioners still be able to establish valid expectancies, then adequate relief would not be available under the will contest which would merely set aside the 1981 will and codicil, which, absent proof of the alleged interference in count V, would leave petitioners life estates only in that portion of Fund A allocated by James III instead of those outright grants which they claim were appointed to them by one of Norah's earlier wills.

■■ Recovery for tortious interference with an expectancy under a will requires proof of the existence of an expectancy; respondent's intentional interference with that expectancy; tortious conduct involved in the interference, such as fraud, duress, or undue influence; a reasonable certainty that the expectancy would have been realized but for respondent's interference; and damages. (*Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 499, 425 N.E.2d 1187.) Petitioners also rely on *Nemeth* II, which upheld action for malicious interference with an expectancy under a will. There the stepdaughter was a beneficiary under two prior wills which granted her one-half of decedent's entire estate. The *Nemeth* decedent destroyed a more recent will and his natural daughter claimed the entire estate by intestacy. The Banhalmi defendants asserted that Nemeth should have attempted to probate

an earlier will, despite its revocation by the later cancelled will, and thereby institute a will contest. The appellate court found a considerable difference between insisting on a statutory will contest remedy when a will has been submitted to probate and requiring that plaintiff provoke a situation making the remedy available when no will had been probated. (*Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 957, 466 N.E.2d 677.) Both compensatory and punitive damages were there awarded.

Barbara relies upon a passage in *Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 185, 454 N.E.2d 288, maintaining that since a will contest remedy is available in the present case, it is the exclusive remedy available to petitioners. The rule announced in *Robinson*, however, is that where, as in that case, a will already had been admitted to probate, *and the statutorily prescribed period of time in which to contest the will had expired*, no tort for intentional interference with an expectancy under that will may be recognized thereafter, precisely the situation petitioners here are seeking to avoid by including the tort action in a separate count. The issue of whether concurrent actions may be maintained in separate counts in the same pleading, as here, was not presented to the supreme court in *Robinson*.

In the instant case, counts I and II of the petition challenging the validity of the will on the grounds of respondent's undue influence and lack of testamentary capacity, respectively, are traditionally cognizable attacks upon the validity of a will in probate proceedings. Although count V also alleges, in part, Barbara's undue influence, it goes on to allege tortious interference. The issues, albeit different in theory, could well involve presentation of the same witnesses, much of the same evidence, and the same parties. The potential economies in judicial, administrative, and litigants' expenditures in effort, time, and money through joinder are patent.

Section 1—6 of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 1—6) specifically provides that the provisions of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—101 *et seq.*) apply to all proceedings under the Act unless otherwise provided. Sections 2—613(a) and 2—614(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—613(a), 2—614(a)) permit parties to plead in the same complaint as many causes of action against other parties as they may have, provided they do so in separate counts, as was done in the instant petition. At one time, the joinder of such causes of action in probate proceedings was prohibited by language contained in the statute which preceded present section 1—6, namely, section 5 of the Probate Act of 1939 (Ill. Rev. Stat. 1967, ch. 3, par. 5), which read, in

part: "Matters not germane to the distinctive purpose of the proceeding shall not be introduced by joinder, counterclaim, or otherwise." Significantly, that language was deleted from section 5 by Public Act 76—1080, effective August 28, 1969. Even so, whether an action for tortious interference with an expectancy under a will could have been deemed "germane" to the purpose of a will contest may have been arguable under the now deleted language.

Courts in other probate proceedings have entertained joinder of other matters in separate counts, together with traditional probate concerns. Of course, joinder is always subject to the circuit court's discretion to sever issues for trial, based upon an appraisal in each case of administrative convenience and the possible prejudice to substantial rights of litigants in light of particular problems which may arise at trial. (*Mount v. Dusing* (1953), 414 Ill. 361, 111 N.E.2d 502; *In re Estate of Kirchwehm* (1986), 145 Ill. App. 3d 280, 284-85, 495 N.E.2d 1243; *Akerman v. Trosper* (1981), 95 Ill. App. 3d 1051, 1056-57, 420 N.E.2d 1148. See Note, *Tortious Interference With Inheritance in Illinois*, 16 Loy. Chi. L.J. 181 (1984).) As aptly posited in the last cited note, "[I]f the plaintiff cannot obtain adequate relief in probate, his right to such relief should outweigh the policies favoring *** [exclusive probate remedies] and he should be permitted to maintain an action for tortious interference with inheritance." 16 Loy. Chi. L.J., 181, 207.

■ For the foregoing reasons, it is our opinion that the circuit court misperceived the permissibility of joining an action for tortious interference with an expectancy under a will concurrently with an action challenging the validity of a will under section 8—1 of the Act. We do not pass upon the sufficiency of allegations in count V as that issue specifically was not considered by the circuit court. Should the court determine that properly pleaded issues should be severed for trial, it may so exercise its discretion.

Accordingly, the order dismissing count V with prejudice must be reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

SCARIANO, P.J., and STAMOS, J., concur.