*In re* ESTATE OF H. EARL HOOVER (Robert C. Hoover *et al.*, Plaintiffs-Appellants, v. Marian U. Hoover *et al.*, Defendants-Appellees).

First District (5th Division)   No. 86—2581

Opinion filed September 4, 1987.

Robert A. Holstein and Richard S. Schiffrin, both of Holstein, Mack & Dupree, of Chicago, for appellants.

Michael W. Coffield, John D. English, and Donna M. Adler, all of Coffield, Ungaretti, Harris & Slavin, of Chicago, for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from an order dismissing with prejudice three counts of their six-count complaint against defendants alleging intentional interference with expectancies under a will. Plaintiffs contend that the order of dismissal was improper. We affirm.

This case involves the estate of H. Earl Hoover, who died testate on November 13, 1985. His will and eight codicils were admitted to probate on November 18, 1985. Plaintiffs were beneficiaries under the will and the first through third codicils; they were partially disinherited under the fourth and fifth codicils and totally disinherited under the sixth through eighth codicils.

In their six-count complaint filed on April 30, 1986, plaintiffs alleged that defendants intentionally interfered with their expectancies under the will and the first three codicils (counts I, II and III), that defendants exercised undue influence over the testator, resulting in the execution of the fourth through eighth codicils (count IV), that testator lacked testamentary capacity to execute the fourth through the eighth codicils (count V), and that in his sixth codicil, testator revoked his will (count VI). Plaintiffs sought compensatory and punitive damages. Defendants moved to strike all six counts of plaintiffs' complaint.

In an order entered on August 21, 1986, the circuit court dismissed with prejudice counts I, II, III and VI, dismissed with leave to amend count IV, and denied the motion to dismiss as to count V. Plaintiffs appeal only from the dismissal of counts I, II and III.

Illinois recognizes the tort of intentional interference with an

expectancy under a will. (*Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 425 N.E.2d 1187.) To recover on this theory, plaintiff must prove the existence of his expectancy; that the defendant interfered with his expectancy; that the interference involved conduct that is tortious in itself such as fraud, duress or undue influence; that there is a reasonable certainty that the expectancy would have been realized but for defendant's interference; and damages. 99 Ill. App. 3d 493, 499, 425 N.E.2d 1187.

■ The tort action will not lie, however, where the remedy of a will contest is available and would provide the injured party with adequate relief. (*Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 185, 454 N.E.2d 288; *DeWitt v. Duce* (Fla. 1981), 408 So. 2d 216; *Axe v. Wilson* (1939), 150 Kan. 794, 96 P.2d 880; *Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 956-58, 466 N.E.2d 977 (by implication); *In re Estate of Knowlson* (1987), 154 Ill. App. 3d 249, 252-54, 507 N.E.2d 28 (by implication).) For purposes of determining the adequacy of relief, an award of punitive damages is not considered a valid expectation. (*DeWitt v. Duce* (Fla. 1981), 408 So. 2d 216, 220 n.11; *Maxwell v. Southwest National Bank* (D. Kan. 1984), 593 F. Supp. 250, 253.) It is immaterial, therefore, whether punitive damages may be awarded in the tort action, a question we expressly decline to answer.

■ If plaintiffs prevail in their will contest and the fourth through eighth codicils are invalidated, they will receive all the relief that they could have received as actual damages in the tort action. If they fail to establish undue influence in the execution of the fourth through eighth codicils and the codicils are determined to be valid, then " 'it cannot reasonably be said that plaintiffs have suffered as in tort.' " (*Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 186, 454 N.E.2d 288, quoting the appellate court opinion in *Robinson v. First State Bank* (1982), 104 Ill. App. 3d 758, 761, 433 N.E.2d 285. See also *Axe v. Wilson* (1939), 150 Kan. 794, 802-06, 96 P.2d 880, 886-88.) The order dismissing with prejudice counts I, II and III of plaintiffs' complaint is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.