562 N.E.2d 277 (1990)
204 Ill. App.3d 454
149 Ill.Dec. 813
In re The ESTATE of Norah E. KNOWLSON, Deceased
Mary Knowlson McGregor, DeWitt Edwards Lobe and Timothy Alden Edwards, Petitioners/Appellees/Appellants,
v.
Barbara Knowlson Ray, Respondent/Appellant/Appellee.
Nos. 1-89-2219, 1-89-3257.
Appellate Court of Illinois, First District, Second Division.
September 28, 1990.
*278 Riordan, Larson Buckert & Moore, Chicago (Robert Keith Larson, Alan Fulkerson and Brian Norkett, of counsel), for appellants.
McDermott, Will & Emery, Chicago (Harry Holmes and Julie Lepri, of counsel), for appellee.
Justice HARTMAN delivered the opinion of the court:
In count V of their amended petition to contest the will of Norah E. Knowlson (Norah), deceased, petitioners Mary Knowlson McGregor (Mary), DeWitt Edwards Lobe (DeWitt), and Timothy Alden Edwards (Timothy) (jointly, petitioners), sought tort damages from respondent Barbara Knowlson Ray (Barbara), alleging interference with their expectancies. From a summary judgment entered in favor of Barbara on count V, petitioners appeal. In a separate but consolidated appeal, Barbara disputes the denial of her motion for sanctions.
This is the second time this case is before us. The background facts were set forth in detail in In re Estate of Knowlson (1987), 154 Ill.App.3d 249, 107 Ill.Dec. 364, 507 N.E.2d 28 (Knowlson I), but are repeated here for convenience to the extent necessary.
A petition contesting Norah's will was brought pursuant to section 8-1 of the Probate Act of 1975 (Ill.Rev.Stat.1985, ch. 110½, par. 8-1). Count V asserted a claim for tortious interference with the expectancies of petitioners, claiming as damages an amount which would equal the difference between what petitioners would receive from a successful will contest and the much greater amount they contend they would receive as legatees and appointees under Norah's prior will. Punitive damages also were sought.
Petitioners are Norah's daughter, Mary, and two of Norah's grandchildren, DeWitt and Timothy, both children of another of Norah's daughters, Elizabeth Knowlson Edwards (Elizabeth), who survived Norah but died before this action was filed. The respondent named in count V is Norah's third daughter, Barbara.
Norah died on January 25, 1985, survived by her three daughters: Mary, Elizabeth, and Barbara. Her son, James S. Knowlson IV, predeceased Norah. Elizabeth died on May 30, 1985, survived by DeWitt and Timothy. Norah's husband, James S. Knowlson III (James III), predeceased her on March 6, 1959. His will created a testamentary *279 trust designated as Fund A, under which Norah was granted general testamentary power of appointment. If Norah failed to exercise her power of appointment, the money remaining in Fund A would be transferred to another trust, Fund B, and Norah's children would each receive a life interest in one-quarter of the income. On the death of each such child, unless the children exercised a special power of appointment in favor of a spouse or descendants, their descendants would receive the principal of Fund B per stirpes.
Norah executed wills in 1966, 1967, 1971 and 1974 (collectively, the prior wills). At the time of Knowlson I, however, petitioners claimed no knowledge of the location of the prior wills, and no copies of the documents were provided in that record on appeal. (154 Ill.App.3d at 251.) DeWitt later testified in a deposition that she found the 1966 and 1971 wills in Elizabeth's papers shortly after her death in 1985. The 1974 will also was found, but DeWitt did not know the circumstances surrounding its discovery. By each of the four prior wills, Norah exercised her power of appointment under Fund A and distributed its principal outright in equal shares to Mary, Elizabeth, and Barbara, or their descendants per stirpes.
A later will was dated May 13, 1981, with codicils dated February 4, 1982, and June 7, 1983, the later codicil revoking the earlier (collectively, 1981 will). This 1981 will left Norah's entire estate to Barbara and appointed Barbara to receive Fund A in its entirety. The value of Fund A is between $1,300,000 and $1,500,000. The 1981 will was admitted to probate on April 17, 1985.
On October 16, 1985, petitioners filed the will contest. Count V of the petition alleged that Barbara wrongfully interfered with their expectancies by using duress, fraud, and undue influence, causing Norah to make numerous inter vivos transfers of property to Barbara and leave Barbara all her property and all of Fund A under the 1981 will. Count V sought compensatory damages of $1,350,000, plus the costs of litigation, and punitive damages of $1 million.
Pursuant to Barbara's motion, the circuit court dismissed count V holding that heirs or legatees under a prior will had no right to assert in a will contest a claim for tortious interference with an expectancy. This court reversed, and remanded the case for further proceedings. Knowlson I, 154 Ill.App.3d 249, 107 Ill.Dec. 364, 507 N.E.2d 28.
Following the decision in Knowlson I, petitioners amended count V of their claim against Barbara, and for the first time, attached copies of the 1966 and 1974 wills.[1] Barbara answered and raised as an affirmative defense that the existence of these prior wills precluded a claim for tortious interference. Petitioners' motion to strike Barbara's affirmative defense was denied.
In April of 1989, Barbara moved for summary judgment, contending that an action for tortious interference did not lie because petitioners had adequate probate remedies. She suggested that, if petitioners successfully contested the 1981 will, they could admit to probate one of Norah's prior wills and thereby obtain adequate relief. Barbara supported her motion with numerous documents, including copies of Norah's five wills and two codicils. Petitioners responded that Barbara's motion for summary judgment was based on the improper speculation that one of the prior wills would be admitted to probate if the 1981 will was set aside. Petitioners likewise attached numerous exhibits in support of their response.
After extensive argument focusing on the availability of adequate probate relief for petitioners, the circuit court granted summary judgment in favor of Barbara on count V. It reasoned that one of Norah's prior wills could be probated in the event of a successful will contest, thereby establishing the adequacy of relief in probate proceedings. Petitioners appeal from this order, dated July 12, 1989.
*280 On August 8, 1989, Barbara filed a motion for sanctions against petitioners and their counsel pursuant to former section 2-611. (Ill.Rev.Stat.1987, ch. 110, par. 2-611.) Barbara asserted in her motion that petitioners and their counsel deliberately withheld the prior wills, including the original 1966 will, or failed to conduct any reasonable inquiry as to the factual basis for the tortious interference claim. An amended motion for sanctions, again setting forth the above assertion, was filed two days later.
The court dismissed Barbara's amended motion for sanctions because it was not timely filed, reasoning she should have brought her motion within 30 days after learning of the existence of the prior wills. Barbara's appeal from this ruling has been consolidated with petitioners' appeal from summary judgment.

I.
Petitioners appeal from the summary judgment entered in favor of Barbara on their tort claim. The functions of summary judgment are well established (Addison v. Whittenberg (1988), 124 Ill.2d 287, 294, 124 Ill.Dec. 571, 529 N.E.2d 552; Purtill v. Hess (1986), 111 Ill.2d 229, 240, 95 Ill.Dec. 305, 489 N.E.2d 867; Aspegren v. Howmedica, Inc. (1984), 129 Ill.App.3d 402, 403-04, 84 Ill.Dec. 685, 472 N.E.2d 822; In re Estate of Garbalinski (1983), 120 Ill. App.3d 767, 772, 76 Ill.Dec. 411, 458 N.E.2d 1065), and need no elucidation here.
To recover for tortious interference with an expectancy under a will, petitioners must prove the following: (1) the existence of their expectancy; (2) Barbara's intentional interference with that expectancy; (3) tortious conduct involved with the interference, such as fraud, duress, or undue influence; (4) a reasonable certainty that the expectancy would have been realized but for the interference; and (5) damages. (In re Estate of Hoover (1987), 160 Ill.App.3d 964, 966, 112 Ill.Dec. 382, 513 N.E.2d 991 (Hoover); Knowlson I, 154 Ill.App.3d at 253, 107 Ill.Dec. 364, 507 N.E.2d 28; Nemeth v. Banhalmi (1981), 99 Ill.App.3d 493, 499, 55 Ill.Dec. 14, 425 N.E.2d 1187.) Where a will contest is available and would provide adequate relief to an injured party, a tort action does not lie (Hoover, 160 Ill.App.3d at 966, 112 Ill. Dec. 382, 513 N.E.2d 991); however, if an adequate remedy cannot be procured through probate proceedings, a tort action is permissible. (See In re Estate of Jeziorski (1987), 162 Ill.App.3d 1057, 1062-63, 114 Ill.Dec. 267, 516 N.E.2d 422; Knowlson I, 154 Ill.App.3d at 253, 107 Ill.Dec. 364, 507 N.E.2d 28; see also Note, Tortious Interference With Inheritance in Illinois, 16 Loy.U.Chi.L.J. 181, 189-91 (1984).) An award of punitive damages is not considered a valid expectation for purposes of determining the adequacy of relief. Hoover, 160 Ill.App.3d at 966, 112 Ill.Dec. 382, 513 N.E.2d 991.
Barbara suggests that the existence of the prior wills, the presumption that one of them can be validated, and the absence of evidence to rebut that presumption, establish there is no genuine issue of fact as to petitioners' ability to obtain adequate probate relief. Petitioners recognize that, if their challenge of the 1981 will is successful and a prior will subsequently is admitted to probate, they would receive all the relief to which they were entitled, and summary judgment on the tort claim would be appropriate. (Hoover, 160 Ill.App.3d at 966, 112 Ill.Dec. 382, 513 N.E.2d 991.) Their concern focuses on the possibility that, after a successful will contest as to the 1981 will, none of Norah's prior wills will be admitted to probate, leaving in force the division of Fund A made by James III and defeating their expectancy. According to petitioners, the risk of this outcome demonstrates that adequate relief might not be available to them solely through probate proceedings, rendering summary judgment inappropriate.
Resolving all inferences fairly drawn from the evidence in favor of petitioners, as we must (Kramer v. Weedhopper of Utah, Inc. (1986), 141 Ill.App.3d 217, 221, 95 Ill.Dec. 631, 490 N.E.2d 104), we conclude summary judgment was prematurely granted in favor of Barbara on petitioners' tort claim. At this point, neither the parties *281 nor this court can say whether the probate remedies will be adequate; the unavailability of probate relief will continue to remain speculative until each of the prior wills is invalidated by the appropriate court. Entry of summary judgment at this time prejudices petitioners' tort action before the proof emerges as to an essential prerequisite of their claim: the inadequacy of probate remedies.
Hoover, 160 Ill.App.3d 964, 112 Ill.Dec. 382, 513 N.E.2d 991, relied on by Barbara and the circuit court, is distinguishable. There, the availability of relief from the earlier will and codicils, under which the plaintiffs would fully receive their expectancies, was not speculative, since those testamentary documents already were admitted to probate. Here, it cannot be said with certainty that one of the prior wills will be admitted to probate following a successful will contest; unlike Hoover, adequate relief is not assured absent a tort action.
Moreover, Barbara's argument that one of the prior wills can be presumed valid is similar to that rejected in Knowlson I. At that time, this court stated (154 Ill.App.3d at 252-53, 107 Ill.Dec. 364, 507 N.E.2d 28): "[t]his argument presumes that an earlier will can be validated by petitioners' efforts, a supposition unsupported at this stage of the litigation by any evidence." The only change since Knowlson I is that the prior wills have now been provided. That the prior wills in fact exist indicates only that an adequate recovery in probate proceedings is possible; it does not establish as a matter of law the availability of such a remedy. Barbara's argument still presumes one of the prior wills can be validated, an inference we cannot construe in her favor on summary judgment.
Nor does the presumption of validity pertaining to the prior wills assure the petitioners of relief through probate proceedings. Such presumptions are not conclusive. (See In re Estate of Jacobson (1979), 75 Ill.App.3d 102, 106, 30 Ill.Dec. 722, 393 N.E.2d 1069.) Although no evidence suggests that the prior wills cannot be validated, the risk of that outcome remains a possibility. The adequacy of relief through probate remedies therefore is speculative at this juncture and cannot be said to be free from doubt and clear beyond question, rendering summary judgment inappropriate. In re Estate of Garbalinski, 120 Ill. App.3d at 772, 76 Ill.Dec. 411, 458 N.E.2d 1065.

II.
In the consolidated appeal, Barbara asserts, and petitioners now concede, that the circuit court improperly dismissed as untimely her motion for sanctions. As the basis for her motion, Barbara contends petitioners and their attorneys knowingly concealed the prior wills, and misrepresented the fact of their existence to the circuit and appellate courts in pleadings, briefs, and oral argument. She relies on DeWitt's deposition testimony and answers to interrogatories, which infer DeWitt possessed Norah's 1966, 1971, and 1974 wills at the time the petition and count V were drafted. Petitioners, however, characterize Barbara's allegations as false and misleading.
The circuit court never addressed the merits of Barbara's motion for sanctions, dismissing it as untimely. The court reasoned that Barbara should have filed her motion within 30 days of "acquiring the knowledge of the existence of the prior Wills and not wait[ed] until the motion for summary judgment was ruled upon because the ruling on the motion for summary judgment was based on the existence of the prior Wills, which Counsel did not hide in that motion."
Neither section 2-611 (Ill.Rev.Stat.1987, ch. 110, par. 2-611), under which Barbara brought her motion, nor recently adopted Supreme Court Rule 137 (see June 28, 1989, Official Reports Advance Sheet No. 13 (eff. Aug. 1, 1989), 128 Ill.2d R. 137), which preempted section 2-611, required or require proceedings for sanctions to be brought within 30 days after discovery of the alleged violation. Under section 2-611, the prescribed procedure was as follows:
"All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper *282 referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question * * *." (Ill.Rev.Stat.1987, ch. 110, par. 2-611.)
Rule 137 is substantially similar, substituting the word "rule" for "Section." No time limit is expressed; either party may bring a section 2-611 petition at any time during the pendency of the action. See Herman v. Fitzgerald (1989), 178 Ill. App.3d 865, 869, 128 Ill.Dec. 56, 533 N.E.2d 1144.
Here, Barbara filed her motion as part of the action in which the alleged violation occurred, and within 30 days of the order granting summary judgment. Section 2-611 motions filed after judgment may be brought within 30 days after entry of that judgment, pursuant to section 2-1203 of the Code of Civil Procedure (Ill.Rev.Stat. 1987, ch. 110, par. 2-1203). (Berkin v. Orland Park Plaza Bank (1989), 191 Ill. App.3d 1056, 1062 n. 1, 139 Ill.Dec. 149, 548 N.E.2d 534.) A requirement that Barbara bring her motion within 30 days of discovering petitioners' allegedly deceitful action is unwarranted under section 2-611. The dismissal of Barbara's motion for sanctions as untimely therefore was improper, and must be reversed.
Barbara requests further that this court impose the sanctions against petitioners and their attorneys. Here, the facts and arguments relevant to the motion are contested, making our consideration of the requested sanctions inappropriate at this time. In addition, the circuit court has not yet considered the merits of Barbara's motion. Barbara's motion for sanctions must be remanded for further proceedings.
Based upon the foregoing: in appeal No. 1-89-2219, the order of summary judgment in favor of Barbara on count V of the amended petition to contest the will is reversed and the cause remanded for further proceedings consistent with this opinion; in consolidated appeal No. 1-89-3257, the dismissal of Barbara's motion for sanctions is reversed and the cause remanded for further proceedings.
Reversed and remanded for further proceedings.
DiVITO, P.J., and BILANDIC, J., concur.
NOTES
[1] According to Barbara, petitioners further filed the 1966 will with the probate court on November 15, 1988, without notice to any interested party.