278 So.2d 683 (1973)
M.O. COOKE, Jr., Appellant,
v.
Doris COOKE, Individually, and Doris Cooke, As Executrix of the Estate of M.O. Cooke, Appellee.
No. 72-655.
District Court of Appeal of Florida, Third District.
May 29, 1973.
Rehearing Denied June 27, 1973.
*684 Horton & Perse, Miami, for appellant.
Richard C. Carter, Jr., Miami, for appellee.
Before PEARSON, CHARLES A. CARROLL and HAVERFIELD, JJ.
PER CURIAM.
By an amended complaint filed by M.O. Cooke, Jr. against Doris Cooke individually and as executrix of the estate of M.O. Cooke, deceased, it was alleged that the plaintiff was the son of the decedent, who died on January 29, 1970; that the defendant Doris Cooke was the step-mother of the plaintiff, having married the decedent "seven years ago"; that by his will admitted to probate in Dade County the decedent had left nothing to the plaintiff; that prior to the making of said will the decedent "had formed a fixed intention of giving the plaintiff a share of his estate, consisting of two thirds thereof," and in accordance therewith either had executed a prior will to that effect or had determined to execute a will so providing.
The amended complaint then alleged the defendant Doris Cooke had wrongfully interfered with plaintiff's expectation of receiving two thirds of his father's estate by making false statements to the decedent regarding the plaintiff, and by exercising undue influence on the decedent; and that "if said wrongful interference, slander statements, duress and undue influence, had not been made and exerted by the defendant, Doris Cooke, M.O. Cooke's testamentary disposition would have in fact included a bequest or devise of two thirds of his estate to the plaintiff M.O. Cooke, Jr." An answer consisting of a general denial was filed by defendants. On trial of the cause before a jury a verdict was rendered for the defendants, and the plaintiff appealed.
Contending the case presented by the amended complaint was limited to an action sounding in tort for wrongful interference with the fixed intention of the decedent to make a bequest to him (Allen v. Leybourne, Fla.App. 1966, 190 So.2d 825), the appellant argues that the trial court committed reversible error by giving certain jury charges for which the appellant contends there was no basis in the pleadings or evidence.
Among the charges given by the court was one explaining the claim of plaintiff, as follows:
"The issues for your determination on the claim of the plaintiff, M.O. Cooke, Jr., are One, whether prior to December 24, 1968, M.O. Cooke, Sr. had a formed, fixed intention to give plaintiff a share of his estate, and, if so, whether defendant Doris Cooke wrongfully and intentionally interfered with such fixed intention of M.O. Cooke, Sr., by causing him by undue influence to execute a will leaving his entire estate to defendant, thus depriving plaintiff of his expectancy."
Following that, the court charged the jury to the effect that if a greater weight of the evidence was found not to support *685 said claim of the plaintiff, their verdict should be for the defendant, but if the greater weight of the evidence supported the plaintiff's claim, then their verdict should be for the plaintiff. Those charges were not challenged by the appellant.
On consideration of the extensive record in this case, and the court charges to the jury as a whole, we hold that no reversible error has been shown. The court specifically informed the jury as to the basis of the claim asserted by the plaintiff. A charge stating the necessity for an agreement to make a will or a devise to be in writing and executed in a certain manner, and that verbal agreements of such kind are not valid, which appellant contends was error because not related to an issue in the case, was preceded by a charge to the effect that there was no claim in the case of an agreement by the decedent to make a bequest or to make a certain will. In view of the latter, we are unable to agree with the contention of the appellant that the challenged charge was improper or could have been misleading to the jury.
The other charges complained of, relating to the right of a son to inherit from his father, to the effect that the relationship does not vest or create a right to inherit contrary to a will, were not inappropriate in this case. They were designed to be of assistance to the jury to distinguish between an expectation of a son to inherit from his father because of some fixed intention of the latter to so provide, and a claim of right of a son to inherit based solely on his relationship. As pointed out by the appellee, in argument to the jury plaintiff's attorney had contended that the relationship of the plaintiff to the decedent entitled the son to receive one half of the estate as his "birthright." We regard that as sufficient basis for the court to have charged the jury as to the law relating to a right of a son to inherit from his father.
The contention of the appellant that the charges objected to were foreign to the pleadings and evidence and were such as to have misled the jury and resulted in a verdict on issues other than those proper for determination in the case, we hold to be without merit.
The judgment is affirmed.