873 So.2d 502 (2004)
Joseph NEUMANN, Jr., Gary Neumann, and Caroleann Knutson, Appellants,
v.
Joyce WORDOCK, Appellee.
No. 2D03-1486.
District Court of Appeal of Florida, Second District.
May 14, 2004.
*503 Adam Mohammadbhoy and Kimberly A. Bald of Harllee & Bald, P.A., Bradenton, for Appellants.
Alan M. Oravec of Judd, Shea, Ulrich, Oravec, Wood & Dean, P.A., Sarasota, for Appellee.
CANADY, Judge.
The appellants, Joseph Neumann, Jr., Gary Neumann, and Caroleann Knutson, three siblings, appeal an order granting summary judgment in favor of Joyce Wordock, their sister, in an action filed by the appellants against Wordock. The appellants' action alleged that Wordock had tortiously interfered with expectancies the appellants had in their parents' estates. The trial court granted summary judgment to Wordock on the ground that a probate proceeding would afford an adequate remedy for the claims. Because we conclude that the trial court erred in determining that the appellants had an adequate remedy in a probate proceeding, we reverse.

I. BACKGROUND
The appellants' amended complaint included an allegation that,
[on] numerous occasions prior to March[ ] 2000, the [parents] expressed their intent regarding the division of their assets upon their death. On each occasion, the [parents] stated that they desired for Gary Neumann to inherit the Edison, New Jersey[,] home, that the Pennsylvania home would be inherited by ... Joseph Neumann, Jr., Caroleann Knutson[,] and [Joyce Wordock][,] and that the remaining assets would be divided among those three children equally.
The complaint further alleged that in March of 2000, at a time when the parents lacked testamentary capacity and were under the undue influence of Wordock, Wordock caused the parents to execute a durable power of attorney giving Wordock control of the parents' property while the parents still lived. It was also alleged that through undue influence Wordock caused her parents to execute wills that would leave the vast majority of the parents' property to her after both of the parents were deceased. The complaint alleged that Wordock used these wills and the power of attorney to divert the parents' assets to herself. The complaint stated that the mother died in 2001 and the father died in 2002. Although not specifically alleged in the complaint, it appears that it was undisputed that the parents' estates had virtually no assets at the time the complaint was filed. The estates were never probated.
Wordock filed a motion for summary judgment, arguing that the appellants were precluded from bringing a tort action to recover their expected inheritances because a probate proceeding would provide an adequate remedy. The trial court entered an order granting the motion for summary judgment stating that, pursuant to this court's decision in All Children's Hospital v. Owens, 754 So.2d 802 (Fla. 2d DCA 2000), the appellants had a sufficient remedy in a probate proceeding. That order is the subject of this appeal.

II. ANALYSIS
The facts of the instant case are distinguishable from the factual situation *504 present in All Children's Hospital. In All Children's Hospital, certain charities filed a claim for tortious interference with an expectancy. The charities were, however, "only a fraction of the residual beneficiaries" in a situation where a complex probate proceeding with numerous beneficiaries was ongoing. Under the circumstances of that case, this court held as follows:
If these [c]harities, as residual beneficiaries, are ever permitted to pursue a claim against [the defendant] for tortious interference with an expectancy, such a claim has not yet accrued because the estate administration is still pending, similar claims are being advanced by a representative of the estate, and these [c]harities cannot claim to have been damaged until the distribution occurs. The [c]harities' right to eventually receive a share of any residue left in the estate does not give them the right to obtain a constructive trust for their own benefit over property that they claim should be within the estate. Even if the personal representative has already transferred a parcel of real estate or a sum of money to [the defendant] under a specific devise, we conclude the task of retrieving that property for the benefit of the [e]state and all of its residual beneficiaries should be left to the personal representative or the administrator ad litem and not delegated to a small group of the beneficiaries.
Id. at 803.
The situation in the instant case is quite different. No probate proceeding is ongoing, and no personal representative is pursuing any claim. There is no risk that the instant tort action might interfere with a probate proceeding. Further, in the absence of a probate proceeding, no distribution will ever occur. Finally, the parties to this action are not "only a fraction of the residual beneficiaries," but rather appear to include, either as a plaintiff or defendant, virtually all of the significant beneficiaries. We thus conclude that the holding in All Children's Hospital is not applicable here.
This resolution of this appeal turns instead on the general principle articulated by the supreme court in DeWitt v. Duce, 408 So.2d 216, 218 (Fla.1981): "[I]f adequate relief is available in a probate proceeding, then that remedy must be exhausted before a tortious interference claim may be pursued." Under this principle, the appellants' tortious interference with an expectancy action may proceed only if some factor in the instant case precludes adequate relief in a probate proceeding.
In DeWitt, the supreme court recognized that a probate proceeding will not provide an adequate remedy when the distribution of assets sought by an aggrieved party cannot be provided in the probate proceeding. The court noted that in Cooke v. Cooke, 278 So.2d 683 (Fla. 3d DCA 1973), the Third District "properly allowed [a suit alleging tortious interference with an expectancy,] since the plaintiff son had been promised two-thirds of his father's estate prior to the defendant's interference, and would have taken only one-half by intestacy had he defeated the will." DeWitt, 408 So.2d at 220 n. 10. The court's holding that probate was an adequate remedy in DeWitt was based upon the existence of a willpredating the disputed willthat allocated the estate's assets in the manner sought by the plaintiffs there. Id.
In the instant case, the appellants claim that the will of their fatherwho survived the motherwas the product of undue influence and distorted the testator's wishes, but there is no evidence of the existence of a will effecting what the appellants claim *505 was the testator's intended distribution of his assets. Further, the pre-interference intended distribution of the assets alleged by the appellants appears to be significantly different than the distribution that would be provided by intestacy, since the appellants have contended that certain items of property of indeterminate value were intended for specific beneficiaries.[1] In sum, the record before the trial court does not show that an adequate remedy was available for the appellants in a probate proceeding.

III. CONCLUSION
Wordock has not established thatunder the governing rule articulated in DeWitt she was entitled to judgment as a matter of law. Because Wordock failed to carry her burden as the movant to demonstrate her legal entitlement to summary judgment, we reverse the order granting summary judgment.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] We note that Wordock contends that certain language in the complaint suggests that the appellants allege that the assets should have been equally divided among the children. We reject that contention because of the specificity of the language from the complaint quoted above.